J-S27024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEWIS JONES | : | |
| | : | |
| Appellant | : | No. 2984 EDA 2023 |

Appeal from the PCRA Order Entered November 9, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002333-2018

BEFORE:   LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED NOVEMBER 6, 2024**

Appellant Lewis Jones appeals from order denying his Post Conviction Relief Act[1] (PCRA) petition.  Appellant argues that PCRA counsel was ineffective for failing to subpoena defense witnesses for the PCRA hearing or request a continuance to assure their appearance in court.  Following our review of the briefs, the parties' arguments, and the PCRA court's conclusions, we affirm on the basis of the PCRA court's opinion.

The underlying facts are well known to the parties.  ***See*** PCRA Ct. Op., 3/20/24, at 1-3.  Briefly, following a bench trial on stipulated facts, Appellant was convicted of twenty-eight counts, including rape of a child, based on allegations that he sexually abused two minor female victims on multiple

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

occasions between 2004 and 2008.[2]  *Id.* at 2.  On direct appeal, this Court affirmed.  *See Commonwealth v. Jones*, 1327 EDA 2021 (Pa. Super. filed Feb 11, 2022) (unpublished mem.).  Appellant subsequently filed a timely PCRA petition, and the PCRA court appointed counsel (PCRA counsel).  On November 9, 2023, the PCRA court denied Appellant's PCRA petition.

After Appellant filed a timely notice of appeal, PCRA counsel was permitted to withdraw, and the PCRA court appointed new counsel (current counsel) on Appellant's behalf.  Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for review:

Whether PCRA counsel was ineffective for failing to subpoena defense witnesses or request a continuance to assure their appearance in court.

Appellant's Brief at 4 (some formatting altered).

Appellant argues that he "was prejudiced by PCRA [c]ounsel's failure to subpoena the two defense witnesses or request a continuance from the [PCRA c]ourt."  *Id.* at 12.  In support, Appellant notes that PCRA counsel retained a court-appointed investigator, who interviewed two witnesses that provided statements on Appellant's behalf.  *Id.*  Appellant's son, Callil Jones, stated that he would have testified at trial that "he did not remember [the victims] sleeping or spending any amount of time in his father's bedroom," and that

_____

[2] The stipulated facts reveal that between January of 2004 and May of 2008, Appellant committed numerous sexual offenses against the two minor victims. *See* N.T., 5/7/19, at 25-28.

neither victim "ever told Callil that [] Appellant had done anything inappropriate to them." *Id.* at 13. Appellant's daughter, Natasha Jones, indicated that the victims "would sometimes sleep over at her father's home during 2005-2008," but "that she did not remember [the victims] sleeping or spending any amount of time in her father's bedroom[, n]or did [the victims] ever tell Natasha that her father had done anything inappropriate to them." *Id.* Appellant argues that PCRA counsel "knew of the identity of the witnesses [and] had their telephone numbers and addresses" and that "[d]espite this helpful testimony that would have challenged the credibility of the two complainants, PCRA counsel failed to subpoena them or request a continuance from the trial court." *Id.* (formatting altered). Therefore, Appellant concludes that the PCRA court erred in rejecting his ineffectiveness claim.

Following our review of the record, the parties' briefs, and the relevant law, we agree with the PCRA court that Appellant's claims are meritless. Accordingly, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op., at 4-7. The PCRA court addressed Appellant's claims and correctly concluded that he was not entitled to relief. Accordingly, we affirm.[3]

Order affirmed. Jurisdiction relinquished.

_____

[3] The parties are directed to attach a copy of the PCRA court's opinion in the event of further proceedings.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  11/6/2024

2984 EDA 2023
Circulated 09/30/2024 10:28 AM


# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  : NO. 2333-18

                        V.                     :

LEWIS JONES                         :

## OPINION

EISENBERG, J.                                  March 20th, 2024

Defendant, Lewis Jones, has appealed to the Superior Court of Pennsylvania from this Court's November 9, 2023, final order dismissing his PCRA petition. We believe that Defendant's appeal is without merit.

## Background

Defendant, then represented by Attorney Douglas Dolfman, Esquire, was convicted of twenty-eight (28) counts, including aggravated indecent assault of a child under the age of 13, rape of a child, unlawful contact with a minor, indecent assault of a minor under the age of 13, and corruption of minors, following a one-day stipulated bench trial on May 7, 2019.[1]

---

[1] The case started as a jury trial, and following one half-day of testimony on May 6, 2019, counsel and Defendant switched to a stipulated bench trial.

Defendant is the father of the two female victims. The facts stipulated indicate that between January of 2004 and May of 2008, when the victims were between the ages of seven (7) and eleven (11), Defendant sexually assaulted and raped them on multiple occasions. (N.T., May 7, 2019, p. 25).

Defendant was sentenced on August 16, 2019, after receiving both a PSI and a PPI. Defendant was sentenced on seven (7) Counts to a sentence of ten (10) to twenty (20) years with five (5) of those sentences ordered to run consecutive and two (2) of them to run concurrent to the prior sentences. Defendant was sentenced on an additional two (2) Counts to a sentence of one (1) to two (2) years' incarceration to run concurrent to the other sentences. The total sentence to be served by Defendant is fifty (50) to one hundred (100) years in a State Correctional Institution. (N.T., August 16, 2019, pp. 29-30).

On September 16, 2019, a timely Notice of Appeal was filed with the Superior Court of Pennsylvania. On January 31, 2020, Defendant withdrew and discontinued his appeal with the Superior Court of Pennsylvania. On November 3, 2020, Defendant filed a petition under the Post-Conviction Relief Act seeking to reinstate his post-sentence rights. The undersigned entered an Order granting Defendant's motion on February 16, 2021, and Defendant subsequently filed a timely post-sentence motion on March 19, 2021. This court entered an Order on June 7, 2021, denying Defendant's post-sentence motion, which Defendant then timely appealed on July 2, 2021. By opinion dated February 11, 2022, the undersigned was affirmed by the Superior Court of Pennsylvania.

A timely *pro se* PCRA was filed by Defendant on October 18, 2022. PCRA Counsel, Matthew Hagarty, Esquire, was appointed by the undersigned. After several extension requests by Counsel, an Amended PCRA was filed on June 14, 2023. A hearing on the PCRA was held on November 6, 2023. This court issued a final order on November 9, 2023, denying Defendant's PCRA petition. Defendant, through PCRA counsel, filed a timely Notice of Appeal on November 15, 2023, after which PCRA counsel filed a Motion to Withdraw as Counsel. The undersigned granted the motion and appointed Michael Huff, Esquire to represent Defendant. Mr. Huff was granted an extension, and given an additional sixty (60) days from a court order dated December 13, 2023, so as to familiarize himself with the case and to file a Statement of Errors Complained of on Appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On February 14, 2024, this court received Defendant's 1925(b) statement.

In his 1925(b) statement Defendant asserts:

1. PCRA Counsel was ineffective for failing to subpoena fact witness Natasha Jones and Khalil Jones for the PCRA Hearing.

2. PCRA counsel was ineffective for failing to request a continuance from the Trial Court in order to secure the two fact witnesses for the PCRA hearing.

For the reasons that follow, we believe that Defendant's Rule 1925(b) statement fails to raise any issues entitling Defendant to appellate relief.

## Discussion

Defendant raises two claims of alleged ineffectiveness by PCRA counsel.[2] After careful review, the undersigned determines that these claims are without merit.

It is well-settled that counsel is presumed to have rendered effective assistance and that the burden is on the defendant to establish otherwise. See, e.g., *Commonwealth v. Pond,* 846 A.2d 669 (Pa. Super. 2004), *Commonwealth v. Marshall,* 633 A.2d 1100 (Pa. 1993). In *Commonwealth v. Lesko,* 15 A.3d 345, 380 (Pa. 2011), the Supreme Court of Pennsylvania indeed held that "few tenets are better settled than the presumption that counsel is effective."

In order to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must establish: 1) that his underlying claim possesses arguable merit; 2) that counsel did not have a reasonable basis for his course of conduct; and 3) that but for the alleged errors and omissions of counsel, there is a reasonable probability that the outcome of the proceeding would have been different, i.e., the petitioner must establish "actual prejudice." See, e.g., *Commonwealth v. Zook,* 887 A.2d 1218, 1227 (Pa. 2005), *Commonwealth v. Bromley,* 862 A.2d 958 (Pa. Super. 2004), *appeal denied,* 881 A.2d 818 (Pa. 2005). It is well-settled that a failure to establish any of the three prongs of this test is fatal to an ineffectiveness claim. See, e.g., *Commonwealth v. Pond, supra.* See also, *Commonwealth v. Wharton,* 811 A.2d 978, 986 (Pa. 2002).

---

[2] Claims of ineffectiveness by PCRA counsel may be raised for the first time on appeal. *See Commonwealth v. Bradley,* 261 A.3d 381 (Pa. 2021).

4

Defendant's allegations of ineffectiveness are based upon PCRA Counsel's decision not to subpoena the potential witnesses or seek a continuance when the witnesses failed to show up on the day of the PCRA hearing. Defendant asserts ineffectiveness by PCRA Counsel for failing to subpoena Natasha Jones and Kahlil Jones.[3] Natasha and Khalil Jones were named in PCRA Counsel's Amended PCRA as possible fact witnesses to testify at a hearing.

With respect to Natasha Jones, PCRA Counsel stated on the record that his investigator, Mr. Bailey, repeatedly attempted to contact Natasha Jones and that she failed to return his phone calls. Counsel was therefore prevented from being able to have Natasha Jones sign a statement, as required by 42 Pa.C.S.A. 9545(d). (N.T., November 6, 2023, p. 4). As for Khalil Jones, PCRA Counsel was able to acquire a signed statement from Khalil. Further, Counsel indicated on the record that prior to the day of the hearing, Khalil had assured PCRA Counsel that he would be present. Kahlil then failed to appear on November 6, 2023. (N.T., November 6, 2023, p. 4).

With respect to the first allegation of error, failure of PCRA Counsel to issue subpoenas for both Natasha and Khalil, it is evident to the court that counsel had a reasonable basis to do so. As Counsel stated on the record, Natasha failed to respond to the investigator, so Counsel was not able to secure and signed sworn statement. Pursuant to the PCRA statute, Natasha would therefore have been prohibited

---

[3] Khalil Jones is named and spelled as "Khalil" in both the PCRA Hearing transcript dated November 6, 2023, and in Defendant's concise statement. However, in the signed certification submitted to the Court on September 7, 2023, the witness' name is spelled Calill.

5

from testifying. There was no basis for Counsel to subpoena her appearance, as she was unable to testify without a signed sworn statement. With respect to Khalil, Counsel stated that it was his understanding that Khalil would appear. Counsel had a reasonable basis for not sending a subpoena, as PCRA counsel did not believe it was a necessary measure.

As aforementioned, the third prong in order to succeed on a claim of ineffectiveness requires that Defendant prove "that but for the alleged errors and omissions of counsel, there is a reasonable probability that the outcome of the proceeding would have been different", i.e., the petitioner must establish "actual prejudice." Had PCRA Counsel subpoenaed the witnesses or attempted to secure a continuance of the PCRA hearing and bring it back at a later date, the outcome of the stipulated bench trial would ultimately have remained the same.

In his signed statement, Khalil Jones indicated that he spent time at this father's home with the victims. He indicated in the statement that he never witnessed the victims in their father's bedroom and that the victims never told him of any inappropriate behavior by their father. However, had Khalil come to the PCRA hearing that day or had the matter been continued for Khalil to testify at a later date, his testimony would not negate the facts stipulated to by Defendant at his original stipulated bench trial.

At the time of the stipulated bench trial, Defendant affirmed, based on his colloquy, that all facts being put on the record were to be accepted as true and that he was acting on his own free will. (N.T., May

6

7, 2019, pp. 23, 24). These facts outline numerous incidents of sexual intercourse and sexual acts performed by Defendant with the two minor victims. (N.T, May 7, 2019, pp. 25-28). As such, the testimony offered by the two proposed witnesses would not negate the numerous incidents of sexual assault acknowledged as true by Defendant, and would not have changed the outcome at trial. Thus, failure of PCRA Counsel to subpoena the witnesses or seek a continuance did not cause actual prejudice to Defendant.

For all of the foregoing reasons, we believe that Defendant's appeal should be denied and that the judgment of sentence affirmed.

BY THE COURT:

_____
**TODD D. EISENBERG, J.**

Copies of the above Opinion sent to the following
Robert Martin Falin, Esquire, Deputy District Attorney, Chief of Appeals (e-mail)
Michael Huff, Esquire (e-mail)
Clerk of Courts (original)

7